IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

GENE COGGINS,                           )
                                        )
        Plaintiff,                      )
                                        )
v.                                      )        CIVIL ACTION NO. 3:09cv285-WKW
                                        )
TOWN OF JACKSON'S GAP,                  )
                                        )
        Defendants.                     )

## RECOMMENDATION OF THE MAGISTRATE JUDGE

By Order (Doc. #4) entered 9 April 2009, this Court set an *ex parte* hearing for 27

April 2009, at 9:30 a.m., on Plaintiff's pending motion for leave to proceed *in forma*

*pauperis* (IFP). The Court determined to hold the hearing because "Plaintiff's affidavit [did]

not provide sufficient information to permit the court to rule on the motion [for IFP]."  (Doc.

#4 at 1).

Plaintiff failed to appear for the hearing. The Order advised Plaintiff that his "failure

to comply with [the] order may result in the court's denial of his request to waive the filing

fee in his case and proceed *in forma pauperis*, or in dismissal of the case." (Doc. #5).  In an

Order dated 29 April 2009, this Court denied the Motion to proceed IFP and directed Plaintiff

to pay the filing fee of $350.00 to the Clerk of the Court on or before 8 May 2009.  (Doc. #8).

Plaintiff has failed to pay the filing fee.

On 11 May 2009, Plaintiff filed a "Reply" to the Order of 29 April.  *See* (Doc. #9).

In that Reply, Plaintiff argued that, based on an *ex parte* hearing "conducted in a prior

month," everything about his personal income is "settled." (Doc. #9). The Court is aware of a recent *ex parte* hearing, in another matter brought by Plaintiff, regarding Plaintiff's ability to proceed IFP. *See Coggins v. Crouch*, Civil Action No. 3:09cv64- MHT. Plaintiff's Motion for IFP in that matter was denied. In a Reply to the Order setting the hearing in this matter, Plaintiff insisted that his financial status had not changed since the hearing denying his request for IFP. (Doc. #6). Rather than ruling on Plaintiff's motion based on that prior hearing and denial, the Court allowed Plaintiff to present additional information to support his application to proceed IFP. Plaintiff failed to comply.

Plaintiff failed to give the Court sufficient information to grant his motion to proceed IFP, thus the Court required a hearing on the motion. Plaintiff failed to appear for the hearing. The Court then required Plaintiff to pay the filing fee. Plaintiff has failed to pay the filing fee. Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this action be DISMISSED due to Plaintiff's failure to pay the filing fee. It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation **on or before 26 May 2009**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual

findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

      DONE this 13th day of May, 2009.

            /s/ Wallace Capel, Jr.
            WALLACE CAPEL, JR.
            UNITED STATES MAGISTRATE JUDGE